**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANNETTE TINDALL,

     Plaintiff-Appellant,

v.

FREIGHTQUOTE.COM, INC.,

     Defendant-Appellee.

No. 11-3190
(D.C. No. 2:10-CV-02364-EFM-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

Annette Tindall appeals a district court order enforcing a settlement agreement between her and her former employer, Freightquote.com. Her arguments though are both new and unsupported by the evidence. We afford Ms. Tindall the solicitude due a pro se appellant, but see no grounds to disturb the order.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

The enforced agreement comes from Ms. Tindall's suit against Freightquote for discrimination and harassment. Ms. Tindall, represented by counsel, attended a settlement conference brokered by a magistrate judge. The parties reached an agreement; the magistrate went over the terms on the record; and Ms. Tindall personally confirmed that she understood and agreed to them. Freightquote was responsible for reducing the agreement to writing.

It appears that Ms. Tindall quickly changed her mind. Two days after the settlement conference, she told her lawyer she wouldn't sign. Her lawyer quickly withdrew (largely because Ms. Tindall wouldn't comply with the settlement agreement) and Ms. Tindall went it alone. She refused to sign the written agreement supplied by Freightquote and Freightquote moved to enforce the oral agreement.

Ms. Tindall argued before the district court that her attorney did not have the authority to bind her to any agreement. Noting that Ms. Tindall had personally agreed to the terms, the district court quickly dismissed the argument. After an unsuccessful motion for reconsideration, Ms. Tindall now appeals the district court's order. She argues that no agreement was ever made because: (1) she was under duress when she agreed to the terms; (2) there were conditions precedent to contract formation that did not occur; and (3) Freightquote committed fraud by putting into the written contract terms not agreed upon.

These arguments, new on appeal, were forfeited below. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011). We review them only for plain

error, *id.*, and note that Ms. Tindall has not attempted to show such error here. The failure to argue for plain error and its application on appeal is grounds for dismissing the argument entirely. *See id.* at 1131. In fact, Ms. Tindall offers no evidence supporting her claim of duress; fails to identify what conditions precedent have been left unsatisfied; and does not explain how Freightquote's alleged insertion of terms into the *written* agreement affects the validity of the previously made *oral* agreement. Given all this, we see no error — let alone plain error — in the district court's ruling.

The judgment of the district court is affirmed. We grant Freightquote's motion to seal its brief. To the extent Freightquote has also moved for costs and fees, that motion is denied. Ms. Tindall's motion to expedite is denied as moot.

Entered for the Court


Neil M. Gorsuch
Circuit Judge